## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHADRUS LEQUARDRA BROWN, | : | HABEAS CORPUS |
| | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT TOOLE, Warden, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-4173-RWS-JFK |

### UNITED STATED MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Petitioner, Chadrus Lequardra Brown, in his amended 28 U.S.C. § 2254 petition, (Doc. 14), challenges the constitutionality of his 2013 DeKalb County conviction number 13CR23723 for possession of a firearm by a convicted felon and obstruction of an officer. The matter is before the Court on the petition, as amended (Doc. 14); on Respondent's answer-response and motion to dismiss for lack of exhaustion, (Docs. 19, 20); on Petitioner's motion for default judgment, (Doc. 21), and Respondent's response thereto, (Doc. 22); and on Petitioner's motions for summary judgment and to transport identify of party, (Docs. 24, 25). For the reasons stated below, it is recommended that Respondent's motion to dismiss be granted, that the petition be dismissed without prejudice, and that a certificate of appealability be denied.

Petitioner's motions for default judgment, for summary judgment, and to transport identity of party are due to be denied as moot.

## I.   Discussion

On May 24, 2013, Petitioner pleaded guilty to possession of a firearm by a convicted felon and obstruction of an officer, and the DeKalb County Superior Court imposed a one-year term of imprisonment and a concurrent twelve-month term.  (See Doc. 14 at 1; Doc. 23, Ex. 1).  Petitioner states that he filed a motion to withdraw his plea, to which he has not received a response, and states that he has not sought a direct appeal.  (Doc. 14 at 2-3).  The Clerk's Office for the DeKalb County Superior Court states that on June 12, 2013, Petitioner filed a motion to withdraw his guilty plea and that his motion remains pending.[1]

In December 2013, Petitioner filed his federal habeas corpus petition, which he later amended.  (Docs. 1, 14).  Respondent argues that the petition should be dismissed based on lack of exhaustion.  (Doc. 19, Br. at 2-6).

---

[1]In DeKalb County, the terms of court commence on the first Monday in January, March, May, July, September, and November.  O.C.G.A. § 15-6-3(37).  Petitioner's June 12, 2013, motion to withdraw his May 24, 2013, guilty plea was timely filed before the commencement of the July term of court.  See Young v. State, _ Ga. App. _, _ S.E.2d _, 2014 WL 3287352, at *2 (July 9, 2014) ("Young's motion to withdraw his guilty plea was timely in that it was filed during the same term of court that the sentence was entered, and the trial court therefore had jurisdiction to entertain the motion.").

AO 72A
(Rev.8/8
2)

Pursuant to 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).  A district court, however, may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a petitioner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure.  Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010), cert. denied, _ U.S. _, 131 S. Ct. 2175 (2011).  Generally, if a federal petitioner has not exhausted all of his claims, the district court should dismiss the federal petition without prejudice to allow exhaustion.  Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (2007) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)).

In Georgia, appeal may be taken for all final judgments "where the case is no longer pending in the court below."  O.C.G.A. § 5-6-34.  Georgia law generally holds that a conviction is not final when "'the jury's verdict ha[s] been set aside or [is] under review and thus subject to be set aside either by motion for new trial, bill of exceptions

3

or other appropriate procedure . . . .'" <u>Croker v. Smith</u>, 225 Ga. 529, 532, 169 S.E.2d 787, 789 (1969) (citation omitted); <u>see also</u> <u>Stinson v. State</u>, 286 Ga. 499, 499 n.*, 689 S.E.2d 323, 324 n.* (2010) (finding that notice of appeal from conviction and sentence was premature when filed prior to final, written resolution of timely motion to withdraw guilty plea); <u>Olivet v. State</u>, 117 Ga. App. 860, 861, 162 S.E.2d 306, 307 (1968) ("while [motion attempting to withdraw guilty plea] is pending in the court below, without a written judgment having been entered relative thereto, an appeal from the sentence is premature").

Petitioner has raised claims that he has not exhausted on direct review, and there is no indication that he has exhausted any claim in state collateral proceedings. Moreover, any direct appeal would be premature until his pending motion to withdraw his guilty plea is resolved in writing.  Further, Respondent has raised the affirmative defense of lack of exhaustion.  <u>See</u> <u>Ali v. State of Florida</u>, 777 F.2d 1489, 1490 (11th Cir. 1985) (holding that when the petitioner has not exhausted available state remedies and the state asserts lack of exhaustion as a defense, dismissal is proper).  Accordingly, it is recommended that Respondent's motion to dismiss be granted and that this action be dismissed for lack of exhaustion.

**II.    Certificate of Appealability ("COA")**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Petitioner's state remedies are unexhausted.  If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

5

### III.  Conclusion

**IT IS RECOMMENDED** that Respondent's motion to dismiss, (Doc. 19), be **GRANTED**; that the petition, as amended, (Doc. 14), be **DISMISSED** without prejudice for failure to exhaust state remedies; and that a certificate of appealability be **DENIED**.

**IT IS ORDERED** that Petitioner's motions for default judgment, (Doc. 21), for summary judgment, (Doc. 24), and to transport identify of party, (Doc. 25), are **DENIED** as moot.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED** this 5th day of August, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)